IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 30, 2011

## JAMES G. WATSON v. HOWARD CARLTON, WARDEN

**Appeal from the Criminal Court for Johnson County**
**No. 5583      Robert Cupp, Judge**

**No. E2011-00288-CCA-R3-HC - Filed October 11, 2011**

The petitioner, James G. Watson, appeals the Johnson County Criminal Court's dismissal of his petition for writ of habeas corpus, arguing that he failed to receive statutorily mandated pretrial jail and good behavior credits toward his sentences, which rendered his confinement illegal. Following our review, we affirm the summary dismissal of the petition.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the Court, in which THOMAS T. WOODALL and JOHN EVERETT WILLIAMS, JJ., joined.

James G. Watson, Mountain City, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; and Rachel West Harmon, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The record in this case is somewhat involved and confusing. It appears, however, that the petitioner pled guilty in the Knox County Criminal Court on November 16, 2001, to two counts of aggravated assault in case numbers 73369 and 73370; one count of theft in case number 70142B; and one count of felony reckless endangerment in case number 72970. Pursuant to his guilty plea agreement, he was sentenced to an effective term of six years in the Department of Correction, which was suspended to supervised probation. His probation was later revoked, however, and his original sentences reinstated. In the trial court's order of revocation, the petitioner was "credited with 300 days jail credit[.]"

On May 11, 2006, the petitioner pled guilty in the Knox County Criminal Court in case numbers 81851A and 82272 to two counts of aggravated burglary in exchange for concurrent sentences of six years as a Range I offender for each conviction, to be served concurrently with the "revocation [the petitioner was] presently serving."

On June 9, 2009, the petitioner filed a "Motion to Correct Clerical Mistake" in case numbers 70142B, 81851A, and 82272. Among other things, he alleged that his pretrial jail credits had been miscalculated and that he had been erroneously listed as a Range II offender on the judgment forms in case numbers 81851A and 82272. After a hearing, the trial court entered an order on August 6, 2009, granting the motion by giving the petitioner an additional five days of jail credit. The court also entered amended judgments that reflected the correct offender classification and the pretrial jail credits.

The petitioner later filed a second motion to correct clerical mistake in which he alleged that he had not been awarded his pretrial good behavior credits to which he was entitled pursuant to Tennessee Code Annotated section 41-21-236(e)(2). The petitioner asserted that, had the proper jail credits been added to his sentence, he should have been awarded a total of 323 days of pretrial jail credit. On September 16, 2009, the trial court dismissed the motion, finding that "[a]fter a thorough search of all records, . . . [the petitioner] has received all jail credit" to which he was entitled.

On February 16, 2010, the petitioner filed the petition for writ of habeas corpus at issue in this case, alleging that his sentences were illegal and void because they failed to include the correct pretrial and good time jail credits mandated by Tennessee Code Annotated sections 40-23-101 and 41-21-236. Specifically, he asserted that he was entitled to 323 days of jail credit, plus an additional 80 days of good behavior credit, which were not reflected in the judgments. In support of his petition, he attached copies of partially illegible TOMIS reports. The petitioner additionally asserted that the Uniform Administrative Procedure Act was "an ineffective solution" to his "pre-trial credit deficiency" because the face of his judgments lacked "any reference to the months of credit" he was owed.

On December 20, 2010, the habeas court dismissed the petition on the basis that the petitioner had failed to prove that he was entitled to any omitted pretrial jail credits. The court further found that whether the petitioner was entitled to good time credits was not cognizable in a petition for writ of habeas corpus. This appeal followed.

## ANALYSIS

Whether the petitioner is entitled to habeas corpus relief is a question of law. Summers v. State, 212 S.W.3d 251, 255 (Tenn. 2007); Hart v. State, 21 S.W.3d 901, 903

(Tenn. 2000). As such, our review is *de novo* with no presumption of correctness given to the trial court's findings and conclusions. Id.

It is well-established in Tennessee that the remedy provided by a writ of habeas corpus is limited in scope and may only be invoked where the judgment is void or the petitioner's term of imprisonment has expired. Faulkner v. State, 226 S.W.3d 358, 361 (Tenn. 2007); State v. Ritchie, 20 S.W.3d 624, 629 (Tenn. 2000); State v. Davenport, 980 S.W.2d 407, 409 (Tenn. Crim. App. 1998). A void, as opposed to a voidable, judgment is "one that is facially invalid because the court did not have the statutory authority to render such judgment." Summers, 212 S.W.3d at 256 (citing Dykes v. Compton, 978 S.W.2d 528, 529 (Tenn. 1998)). A petitioner bears the burden of establishing a void judgment or illegal confinement by a preponderance of the evidence. Wyatt v. State, 24 S.W.3d 319, 322 (Tenn. 2000). Furthermore, when "a habeas corpus petition fails to establish that a judgment is void, a trial court may dismiss the petition without a hearing." Summers, 212 S.W.3d at 260 (citing Hogan v. Mills, 168 S.W.3d 753, 755 (Tenn. 2005)).

We agree with the habeas court that the petitioner failed to establish by a preponderance of the evidence that he is entitled to habeas corpus relief. A trial court is required to award a defendant credit for any time spent in jail awaiting trial or pending an appeal, see Tenn. Code Ann. § 40-23-101(c), and this court has, in limited circumstances, granted a petition for writ of habeas corpus when it was clear from the record that the trial court failed to award proper pretrial jail credits. See, e.g., Leslie Paul Hatfield v. Jim Morrow, Warden, No. E2009-01127-CCA-R3-HC, 2010 WL 1486903, at *3 (Tenn. Crim. App. Apr. 14, 2010); Mark Grimes v. Tony Parker, Warden, No. W2007-00169-CCA-R3-HC, 2008 WL 141129, at *3 (Tenn. Crim. App. Jan. 14, 2008); see also State v. Henry, 946 S.W.2d 833, 834 (Tenn. Crim. App. 1997) (recognizing that although "generally, once an inmate is in the custody of DOC, the proper avenue to address sentence reduction credits is through the Administrative Procedures Act," the trial court is in the best position to calculate pretrial jail credits "[a]fter a reversal and remand from an appellate court").

Such is not the case here, however. The petitioner filed two separate motions to correct clerical mistakes in the trial court, which resulted in a hearing, the entry of amended judgments, and the award of an additional five days of jail credit. The petitioner has not submitted anything to show that he was not awarded all the pretrial jail credit to which he is entitled. As we have previously explained, TOMIS reports are insufficient to establish a claim for habeas corpus relief:

> To satisfy the procedural requirements for habeas corpus relief and to avert a summary dismissal, the petitioner must make the enumerated showings "with pertinent documents from the record of the underlying proceedings."

> Summers, 212 S.W.3d at 262. Thus, a petitioner who claims entitlement to habeas corpus relief from a sentence rendered illegal by the trial court's failure to award mandatory pretrial jail credits must exhibit to his petition sufficient documentation from the record to establish that he is indeed entitled to pretrial jail credit under Code section 40-23-101 as indicated above and that the trial court erroneously failed to award it. Summers clearly requires that documents supporting a claim for habeas corpus relief must come from the record of the underlying proceedings. Summers, 212 S.W.3d at 262. Because TOMIS reports are generated by the Department of Correction following an inmate's transfer to prison, they would not be considered a part of the record of the underlying proceedings. In consequence, a TOMIS report cannot be used to establish a claim for habeas corpus relief. Any disagreement regarding the information in TOMIS reports should be addressed via the Uniform Administrative Procedures Act.

Tucker v. Morrow, 335 S.W.3d 116, 123-24 (Tenn. Crim. App. 2009).

Moreover, because the grant or denial of sentence reduction or "good time" credits "lies solely within the discretion of the warden of the institution wherein the inmate is incarcerated," claims regarding their miscalculation "are not cognizable in a habeas corpus petition, which is available only to contest a void judgment." Id. at 122.

## CONCLUSION

We conclude that the petitioner's allegations do not entitle him to habeas corpus relief. Accordingly, we affirm the summary dismissal of his petition for writ of habeas corpus.

_____
ALAN E. GLENN, JUDGE